Robert ABRAHAMSON and Marjorie Abrahamson, Plaintiffs-Appellants,

v.

Malcolm K. FLESCHNER et al., Defendants-Appellees.

No. 212, Docket 75–7203.

United States Court of Appeals, Second Circuit.

Argued Oct. 16, 1975.

Decided Nov. 21, 1975.

Ronald H. Alenstein, New York City (Kenneth A. Barry, and Shea, Gould, Climenko, Kramer & Casey, New York City, on the brief), for plaintiffs-appellants.

Richard E. Carlton, New York City (Robert D. Owen, and Sullivan & Cromwell, New York City, on the brief), for defendants-appellees Malcolm K. Fleschner, William J. Becker and Fleschner Becker Associates.

Richard G. McGahren, New York City (Kenneth A. Sagat, and D'Amato, Costello & Shea, New York City, on the brief), for defendant-appellee Harry Goodkin & Company.

Mark M. Jaffe, New York City (Allan J. Berdon, and Hill, Betts & Nash, New York City, on the brief), for defendant-appellee Harold B. Ehrlich.

Before MANSFIELD, TIMBERS and GURFEIN, Circuit Judges.

PER CURIAM:

Plaintiffs Robert Abrahamson and Marjorie Abrahamson are former limited partners of defendant Fleschner Becker Associates (FBA), an investment partnership. Defendants Malcolm K. Fleschner and William J. Becker are general partners of FBA. Defendant Harold B. Ehrlich was a general partner of FBA during part of the relevant period. Defendant Harry Goodkin & Company is a firm of certified public accountants which audited FBA's books for the fiscal years 1966, 1967 and 1968.

Plaintiffs commenced an action in the Southern District of New York on January 25, 1971, alleging (A) violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1970), and of Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5 (1975); and (B) violations of Section 206 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b–6 (1970). Jurisdiction was based on Section 27 of the 1934 Act, 15 U.S.C. § 78aa (1970), and Section 214 of the Advisers Act, 15 U.S.C. § 80b–14 (1970).

The gravamen of plaintiffs' complaint is that, despite plaintiffs' and defendants' understanding that FBA would adhere to a conservative, liquid investment format, defendants concealed from them the fact that a large proportion of the FBA portfolio consisted of securities which were not registered with the Securities and Exchange Commission and which were subject to restrictions as to sale. Plaintiffs claim that in 1970 when they withdrew from FBA, upon learning of FBA's disproportionate investment in unregistered and restricted securities, they received substantially less than they would have received had they been informed of the truth earlier and had withdrawn at the end of an earlier fiscal year. Plaintiffs claim that concealment of the true facts concerning FBA's portfolio caused them damage in excess of $1,000,000.

Both sides moved for summary judgment. In an opinion dated March 4, 1975, Judge

Carter granted defendants' motions for summary judgment and dismissed the complaint. Plaintiffs' motion for summary judgment was denied. From the judgment entered accordingly on March 27, 1975, plaintiffs have appealed.

Without reaching the merits of plaintiffs' claims under either the Advisers Act or the 1934 Act, the thrust of Judge Carter's decision was that, since plaintiffs had realized a net profit on their overall limited partnership investment, they had failed to prove damages compensable under the federal securities laws.

After consideration of the briefs and oral arguments of the parties on the issues presented on this appeal, we have concluded that further briefs are necessary on the issues raised under the Advisers Act before we properly can decide this appeal. Without intimating any views on any of the issues in the case, therefore, we request that counsel for all parties file, within 30 days of the date of this opinion, supplemental briefs on the issues raised under the Advisers Act, including whether there exists a private right of action under that Act.

So far as we are aware, this issue has not been decided to date by any federal appellate court, although it has been the subject of at least two decisions in the Southern District of New York. See *Bolger v. Laventhol, Krekstein, Horwath & Horwath*, 381 F.Supp. 260 (S.D.N.Y.1974); *Jones v. Equitable Life Assurance Society*, 409 F.Supp. 370 (S.D.N.Y.1975). We hope that the supplemental briefs may shed some light on the legislative history of the Advisers Act and particularly the reason, if any, that Congress used different phraseology in Section 214 of the Advisers Act than in the corresponding jurisdictional provisions of the other federal securities laws.

In view of what we regard as the importance and novelty of the issues under the Advisers Act upon which we have requested supplemental briefs from the parties, we also invite the Securities and Exchange Commission to file an amicus curiae brief on those issues within the time specified for the supplemental briefs from the parties.

Decision reserved on all issues pending filing of supplemental briefs by the parties and an amicus curiae brief by the SEC.